UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Franlyn Estrella, *pro se*,
                  Petitioner,

                          **SUMMARY ORDER**

            -against-

                          12-CV-0543 (DLI)(LB)

Warden Duke Terrell,

                  Respondent.
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Franlyn Estrella ("Petitioner") filed the instant action, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, revoking administrative sanctions imposed upon him by the Bureau of Prisons ("BOP") for use of a narcotic. (*See* Petition ("Pet."), Dkt. Entry No. 1.) The government opposes the Petition in its entirety. (*See* Respondent's Opposition ("Opp'n"), Dkt. Entry No. 5.) For the reasons set forth below, the Petition is denied.

## BACKGROUND

      Petitioner is incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He is serving a 250-month sentence, followed by five years of supervised release, for his participation in a conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (Opp'n at 3.) Petitioner was convicted and sentenced on April 23, 2008 in the United States District Court for the Southern District of New York by the Honorable Harold Baer, Jr., Senior United States District Judge. (*Id.*)

      On June 20, 2011, Petitioner provided a urine sample to the MDC staff. (Declaration of Daniel Garcia ("Garcia Decl."), attached to Opp'n ¶ 16.) On June 23, 2011, the MDC Special Investigative Section received the result of the urinalysis, which was positive for marijuana. (*Id.* at ¶ 17.) On June 24, 2011, a Unit Discipline Committee ("UDC") hearing was conducted at

which Petitioner was advised of the charge against him: Code 112 "Use of Any Narcotic." (*Id.* at ¶ 19.) Petitioner was given the opportunity to make a statement and he said the urine sample bag had not been sealed in front of him. (*Id.* at ¶ 19.) Petitioner was referred to appear at a disciplinary hearing before the Disciplinary Hearing Officer ("DHO") and was advised of his rights, including the right to have the assistance of a MDC staff member. (*Id.* at ¶ 19.) On July 7, 2011, the DHO held the disciplinary hearing. (*Id.* at ¶ 20.) During the hearing, Petitioner admitted to taking "one puff" of marijuana. (*Id.* at ¶ 21.) The DHO subsequently sanctioned Petitioner to 60 days of disciplinary segregation, 40 days of loss of good conduct time, loss of visitation and loss of commissary access for one year, and one year visits with immediate family only to follow the suspension. (*Id.* at ¶ 24.)

On January 24, 2012, Petitioner filed the Petition, seeking revocation of the administrative sanctions imposed upon him by the BOP for use of marijuana. Specifically, Petitioner contends that: (1) the Regional Director to the Central Office's failure to reply on a timely basis should be treated as a denial, and (2) the urine sample did not belong to him. (Pet. at 1-3.) The government asserts that: (1) the disciplinary hearing did not violate Petitioner's due process rights, and (2) the DHO's findings were supported by sufficient evidence to satisfy due process. (Opp'n at 6-8.)

## DISCUSSION[1]

Under Section 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas corpus review. 28 U.S.C.

---

[1] In reviewing the Petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

§ 2241(c)(3). Under Section 2241, federal prisoners may challenge the manner in which their sentence is implemented, as opposed to the underlying legality of the conviction. *See Carmona v. United States Bureau of Prisons*, 243 F. 3d 629, 632 (2d Cir. 2001). Thus, a Section 2241 petition is limited to challenges "to the execution of a sentence," which include challenges to "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Levine v. Apker*, 455 F. 3d 71, 78 (2d Cir. 2008).

The Court construes the Petition as asserting a challenge to the results of a prison disciplinary action, *i.e.*, the DHO's finding of a positive drug test and the resulting sanctions.[2] It is well settled that "[d]ue process requires that a DHO's findings must be 'supported by some evidence in the record.'" *Perez v. Terrell*, 2011 WL 198437, *2 (E.D.N.Y. Jan. 20, 2011) (citing *Homen v. Hasty*, 299 F. Supp. 2d 290, 297 (S.D.N.Y. 2002)). "The Court's role is not to conduct a de novo evaluation of the evidence to determine whether it would find that the petitioner violated prison rules; rather, the Court's role is limited to determining whether the DHO's ruling is supported by 'some evidence.'" *Id*. at 3 (citing *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)).

Turning to the instant action, the evidence supports the DHO's finding that Petitioner committed a drug infraction. Petitioner signed a chain of custody form and a written certification acknowledging that his urine sample, specimen number BOP0001109397, was sealed in his presence. (Garcia Decl. ¶ 16; Garcia Decl. Exs. A, B.) The laboratory results showed that it was positive for marijuana and the MDC pharmacist stated that Petitioner was not taking any

---

[2] Petitioner asserts, in passing, that the "administrative appeal / central office fail[ed] to reply on a timely basis." (Pet. at 1.) To the extent Petitioner claims that the disciplinary hearing violated his due process rights, this claim lacks merit as the MDC's procedures comport with the due process requirements of the Fourteenth Amendment as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). (*See* Garcia Decl. at ¶¶ 19-24.)

medications that would yield a false positive result. (*Id*. at ¶¶ 17-18; Exs. A, C.) Notably, at his hearing, Petitioner admitted to taking "one puff" of marijuana. (Garcia Decl. at ¶ 21.) Thus, there was ample support for the DHO's ruling. Accordingly, Petitioner's due process claim is dismissed with merit and the Petition is denied in its entirety.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief pursuant to 28 U.S.C. § 2241 is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:   Brooklyn, New York
         July 25, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge